IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| UDEME EDOHO-EKET, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | NO. 3:19-cv-00381 |
| NORDSTROM, INC., | ) | JUDGE CAMPBELL |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

For good cause shown, pro se plaintiff Udeme Edoho-Eket's Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. No. 4) is **GRANTED**, and the Clerk is **DIRECTED** to file the complaint in forma pauperis. 28 U.S.C. § 1915(a). However, for the reasons explained below the Complaint is **DISMISSED**.

**I.      Initial Review**

Because Plaintiff proceeds in forma pauperis, the Court is required by 28 U.S.C. § 1915(e)(2) to conduct an initial review of the Complaint and to dismiss it if it is facially frivolous or malicious, fails to state a claim for which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). The Sixth Circuit has confirmed that the dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), "governs dismissals for failure to state a claim under [§ 1915(e)(2)] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010).

Thus, in reviewing the complaint to determine whether it states a plausible claim, "a district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). The court must then consider whether those factual allegations, accepted as true, "plausibly suggest an entitlement to relief." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681). The court "need not accept as true legal conclusions or unwarranted factual inferences." *DirectTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). (quoting *Gregory v. Shelby Cty.*, 220 F.3d 433, 446 (6th Cir. 2000)). "[L]egal conclusions masquerading as factual allegations will not suffice." *Eidson v. State of Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007).

A "pro se complaint . . . must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Even under this lenient standard, however, pro se plaintiffs must meet basic pleading requirements. *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004).

II.     **Factual Allegations and Claims for Relief**

The only defendant is Plaintiff's employer, Nordstrom, Inc. Plaintiff was told in January 2019 that her employment was being placed on "paid suspension" through May 6, 2019, while Nordstrom investigated Plaintiff's use of social media to determine whether she had violated the company's "Code of Conduct." (Doc. No. 1, at 1.) The Complaint was filed on May 7, 2019, the day after the suspension terminated, but Plaintiff does not indicate that she was subsequently fired or that she suffered any other adverse employment action. She claims, instead, that the suspension amounted to an admission that the company is engaged in "cyberstalking."

Second, Plaintiff claims that, while being employed by Nordstrom, she has endured "dehumanization, degradation, demoralization, insults both direct and indirect, harassment, coercion, exploitation, intimidation, and bullying." (*Id.*) Plaintiff admits to having "urgent issues" that affect her personal life, apparently including mental health problems for which she has sought treatment with a "world-renowned psychiatrist" since April 2019, but she maintains that her work has nonetheless been exemplary. (*Id.*)

Third, Plaintiff alleges that Nordstrom is "actively involved in fraud," in violation of 18 U.S.C. § 1038. (Doc. No. 1, at 2.) This "fraud" takes the form of Nordstrom's operation of two food service establishments at its mall location where Plaintiff is employed, as a result of which Plaintiff is "coerced to spend earnings from Nordstrom, Inc. at Nordstrom, Inc. . . . to buy food – utilizing company discounts," which Plaintiff claims "exploits her human rights and fundamental needs to have nourishment during a working day." (*Id.*)

Plaintiff further alleges that Nordstrom's business practice of operating food-service establishments and providing employee discounts constitutes embezzlement from its employees and somehow results in the padding of its company valuation. According to Plaintiff, this business strategy amounts to securities fraud. She speculates that Nordstrom is "likely siphoning money from employees rather than capitalizing ethically in order to keep pace with growing e-commerce markets." (*Id.*) All of these practices together reveals Nordstrom's true values and "what is at the crux of its methods – to make marketable dehumanization to cater to a class of elite shoppers who continually perpetuate racism by mean of intolerance and as perpetrators of hate crimes." (*Id.*)

Plaintiff seeks damages for the "gross abuses that have affected her mental health," plus compensatory and punitive damages, totaling $2,000,000. She also wants "all meals and beverages served at cost at Nordstrom, Inc. to be complimentary . . . for all employees." (*Id.* at 3.).

## III. Analysis

Plaintiff does not identify the basis for invoking this Court's jurisdiction, whether diversity or federal question. Even assuming that diversity of citizenship exists for purposes of diversity jurisdiction, and construing the Complaint very liberally in light of Plaintiff's pro se status, the Court is unable to discern any colorable cause of action under federal or state law based on these factual allegations.

First, Plaintiff has not stated a claim under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., or any of the other federal statutes prohibiting employment discrimination, because Plaintiff does not allege that the "harassment" she has suffered while employed by Nordstrom was based on race, national origin, gender, age, disability, pregnancy, religion, or any other protected characteristic.[1] The Supreme Court has recognized that Title VII "does not set forth 'a general civility code for the American workplace.'" *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006) (quoting *Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75, 80 (1998)). Rather, it only protects employees from discrimination or harassment based upon specific protected characteristics. Plaintiff therefore has not stated a claim for employment discrimination in violation of federal law. *Accord, e.g.*, *Wasek v. Arrow Energy Servs., Inc.*, 682 F.3d 463, 467 (6th Cir. 2012) ("In other words, the conduct of jerks, bullies, and persecutors is simply not actionable under Title VII unless they are acting because of the victim's gender.").

Plaintiff also seeks to bring suit based on Nordstrom's alleged violation of 18 U.S.C. § 1038, which is a statute that criminalizes the conveyance of false or misleading information under

---

[1] Plaintiff refers to herself in the third person in the Complaint, as a result of which the Court understands that she is female. She does not, however, allege that the harassment she suffered was based on her gender. She does not otherwise allege that she belongs to any class protected by federal law.

certain circumstances. In addition, this provision creates a civil cause of action against anyone who

> engages in any conduct with intent to convey false or misleading information under circumstances where such information may reasonably be believed and where such information indicates that an activity has taken, is taking, or will take place that would constitute a violation of chapter 2, 10, 11B, 39, 40, 44, 111, or 113B of this title, section 236 of the Atomic Energy Act of 1954 (42 U.S.C. 2284), or section 46502, the second sentence of section 46504, section 46505 (b)(3) or (c), section 46506 if homicide or attempted homicide is involved, or section 60123(b) of title 49 [by] any party incurring expenses incident to any emergency or investigative response to that conduct, for those expenses.

18 U.S.C. § 1038(b). The itemized statutes criminalize such behavior as the unauthorized sale or use of traffic signal preemption transmitters (18 U.S.C. § 39); the failure of a commercial motor vehicle to stop for inspection (18 U.S.C. § 40); assaulting a federal officer or employee engaged in official duty (18 U.S.C. § 111); sabotaging a nuclear facility (42 U.S.C. § 2284); aircraft piracy, using a dangerous weapon to assault or intimidate a flight crew member, or placing an explosive device on an aircraft (49 U.S.C. §§ 46502, 46504, 46505(b)); and willful destruction of a gas pipeline (49 U.S.C. § 60123(b)). Plaintiff has not alleged the conveyance of false information about violations of these statutes or that she incurred expenses as a result of responding to the conveyance of this type of false information. She clearly has not alleged facts that state a claim under 18 U.S.C. § 1038(b).

Plaintiff also cites to a Complaint filed by the Securities and Exchange Commission ("SEC") against Bernard L. Madoff and his investment firm in 2008 for securities fraud. https:/www.sec.gov/litigation/complaints/2008/comp-madoff121108.pdf. Unlike the SEC, however, Plaintiff here has not alleged facts that, if true, would indicate that Nordstrom has engaged in fraud upon advisory clients or breach of fiduciary duty by an investment advisory, in violation of 15 U.S.C. §§ 80b-6(1) or (2); committed fraud in the offering of securities, in violation of 15 U.S.C. § 77q(a)(1)–(3); or committed fraud upon investors in violation of 15 U.S.C. § 78j(b)

or 17 C.F.R. § 240.10b-5. Merely operating restaurants at which its employees are offered a discount does not constitute securities fraud.

Plaintiff speculates that Nordstrom is "siphoning money from employees" by operating restaurants at its stores. Her speculation is not supported by facts, nor does she allege facts showing that she is in any way coerced to spend money at Nordstrom's establishments. She does not allege that she is not allowed sufficient break periods, that she is not permitted to eat elsewhere or to bring her own meals, or that Nordstrom has in any way violated federal or state law governing the payment of employees' wages. In sum, based on Plaintiff's factual allegations, the Court cannot detect any viable claim for relief.

## IV. Conclusion and Order

For the reasons set forth herein, Plaintiff is **GRANTED** leave to proceed in forma pauperis. However, this action is **DISMISSED WITH PREJUDICE** for failure to state a claim for which relief may be granted.

This is the final order in this action. The Clerk is directed to enter judgment. Fed. R. Civ. P. 58.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR
UNITED STATES DISTRICT JUDGE